UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN WILLIAMS (#389508)

VERSUS                                                              CIVIL ACTION

O. KENT ANDREWS, ET AL                                 NUMBER 07-7-JVP-DLD

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on March 28, 2007.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN WILLIAMS (#389508)

VERSUS                                                                CIVIL ACTION

O. KENT ANDREWS, ET AL                              NUMBER 07-7-JVP-DLD

MAGISTRATE JUDGE'S REPORT

This matter is before the court on the application of petitioner John Williams for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was found guilty of two counts felon in possession of a firearm in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on November 6, 1997. Petitioner was sentenced to 15 years imprisonment at hard labor on each count, the sentences to be served consecutively.  Petitioner did not appeal his conviction and sentence.

On July 26, 1999, the petitioner filed a Motion for Permission to File an Out of Time Appeal.  The trial court granted the petitioner leave to file an appeal out-of-time.  The Louisiana First Circuit Court of Appeal affirmed the convictions and sentences. *State of Louisiana v. John Williams,* 00-0151 (La. App. 1st Cir. 11/8/00)(unpublished opinion). Petitioner filed a writ of certiorari to the Louisiana Supreme Court. The court denied relief on November 9, 2001. *State of Louisiana v. John Williams*, 2000-3355 (La. 11/9/01), 801 So.2d 361.

On November 7, 2002, the petitioner filed an application for post-conviction relief in the trial court asserting four grounds for relief.  The trial court denied relief on September

1

29, 2005 . The First Circuit Court of Appeal denied review on December 12, 2005. *State of Louisiana v. John Williams*, 2005-2275, (La. App. 1st Cir. 12/12/05).  Petitioner sought review by the Louisiana Supreme Court.  The Louisiana Supreme Court denied review on October 27, 2006.  *State of Louisiana v. John Williams*, 2006-0307, (La. 10/27/06), 939 So.2d 1270.

Petitioner filed his federal application for habeas corpus relief on January 4, 2007.  No evidentiary hearing is required.  Petitioner's federal habeas corpus application is untimely.

Under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus.  The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  Section 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.  A petition is properly filed when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361 (2000).  A properly filed petition must be in the proper form, and be timely delivered to the proper court or office.  *Id*.  A petition ruled untimely by a state court cannot be "properly filed" even if some judicial review is necessary to determine if the filing condition, or an exception to it, is met. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-18, 125 S.Ct. 1807, 1812-

14 (2005). A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

For purposes of §2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Under Louisiana law, a defendant's conviction becomes final after the prescribed delay for filing a motion for appeal expires. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985). In *Counterman*, the Louisiana Supreme Court observed that "... the appropriate vehicle for a defendant to seek the exercise of his right to appeal, after the delay provided in Article 914 has expired, is an application for post conviction relief pursuant to Articles 924-930.7." *Id*. at 339. Although the granting of an out-of-time appeal restores a defendant to the midst of direct review for state law purposes, the Fifth Circuit has held that AEDPA's statute of limitations is merely tolled, not "restarted", by such a motion and the subsequent proceedings. *Salinas v. Dretke*, 354 F.3d 425, 429-30 (5th Cir.), *cert. denied*, 541 U.S. 1032, 124 S.Ct. 2099 (2004). *See also Clark v. Cain*, 2005 WL 2304492 at *5-6 (W.D. La. 2005); *Soileau v. Cain*, 2005 WL 1629945 at *4-6 (W.D. La. 2005); *Sims v. Andrews*, 2005 WL 1330154 at *4-6 (W.D. La. 2005). The granting of the petitioner's out-of-time appeal did not start the running of the one-year limitation period anew.

When the petitioner failed to file a motion for appeal within the five-day period then allowed by LSA-C.Cr.P. Art. 914, his conviction became final at the expiration of that time period. *State v. Counterman*, 475 So.2d at 338. Petitioner's conviction became final on November 11, 1997. By the time the petitioner sought an out-of-time appeal from the trial

court on July 26, 1999, more than 20 months of the limitations period elapsed. More than one year passed from the effective date of the AEDPA until the date the petitioner filed his federal habeas corpus application. Petitioner's federal habeas corpus application was not timely filed.[1]

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Signed in Baton Rouge, Louisiana, on March 28, 2007.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. *Coleman v. Johnson*, 184 F.3D 398 (5th Cir. 1999). A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Unfamiliarity with the legal process, ignorance of the law, or lack of representation during the applicable filing period does not merit equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).